UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LINDA LEA SMITH | CIVIL ACTION NO. 07-033 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

This matter is before the Court on cross motions for decision on a stipulated record. [Doc. Nos. 12, 15 and 21]. Plaintiff, Linda Lea Smith ("Smith") filed the present suit against Defendant, Louisiana Health Service & Indemnity Co ("Blue Cross"), seeking coverage of medical services/treatment received under an employee welfare benefit plan. For the reasons which follow, the motion for trial on the stipulated record is **GRANTED**, and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

At all pertinent times, Smith was a participant and beneficiary of the employee health benefit plan ("the Plan") of Eskridge E. Smith, Jr. APLC. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). Coverage was provided to the participants in the Plan through insurance purchased from Blue Cross. The Plan vests Blue Cross with "full discretionary authority to determine eligibility for Benefits and/or construe the terms of this Benefit Plan."

Smith made a claim against the Plan for coverage of medical services/treatment rendered on November 30, 2005. The Plan provides that "**REGARDLESS OF CLAIM OF MEDICAL NECESSITY**:" (emphasis in original), treatment or expenses "which are

Page 1 of 5

Investigation in nature" are not covered. [Bates 052-053] The Plan specifies when an MRI of the breast is eligible for coverage. It then states:

> Coverage is not available for investigational medical treatments or procedures, drugs, devices, or biological products.
>
> Based on review of available data, the Company considers all other uses of MRI of the breast, including but not limited to the following, to be investigational*:
>
> \* \* \*
>
> - as a screening technique for the detection of breast cancer when the sensitivity of mammography is limited (i.e., dense breasts, implants, scarring after treatment for breast cancer);
>
> \* \* \*

[Bates 122-123].

Blue Cross denied the claim on the basis that the services were considered investigational under the Plan. Smith exhausted her administrative remedies and has now filed the instant suit seeking coverage for the services rendered.

## LAW AND ANALYSIS

### A.    Standard of Review Under ERISA

It is well settled that the standard of review in an ERISA case is governed by the language of the plan at issue. If that plan grants the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, then the court must use an "abuse of discretion" standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct. 948; Duhon v. Texaco Inc., 15 F.3d 1302 (5th Cir. 1994); Wildbur v.

ARCO Chemical Co., 974 F.2d 631 (5th Cir. 1992).  Here, the Plan Blue Cross with "full discretionary authority to determine eligibility for Benefits and/or construe the terms of this Benefit Plan."  Accordingly, the "abuse of discretion" standard applies.

In applying the abuse of discretion standard, the Court should analyze whether the administrator acted arbitrarily or capriciously.  See Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999)(*quoting* Sweatman v. Commercial Union Ins., Co., 39 F.3d 594, 601 (5th Cir. 1994)). When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, an administrator's decision should be affirmed if it is supported by substantial evidence.  See Meditrust Financial Services, Corp., 168 F.3d at 215.

A decision is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence."  Id. (*quoting* Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 828-29 (5th Cir. 1994)).  The Court's review of the administrator's decision "need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness–even if on the low end."  Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 297 (5th Cir. 1999).

Smith alleges that Blue Cross is operating under a conflict of interest.  Courts apply a sliding scale to the abuse of discretion standard where it is determined that the administrator acted under a conflict of interest.  Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 343 (5th Cir. 2002).  "'The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be.'  When a minimal basis for a conflict is established, we review the decision with 'only a *modicum less*

deference than we would otherwise.'" Id. (*quoting* Vega, 188 F.3d at 299)(emphasis in original).

### B.    Blue Cross' Determination in Light of the Administrative Record

In evaluating whether a plan administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at the time of his decision. See Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5t Cir. 1993). See also  Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999).  Evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim.  See Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 289 (5th Cir. 1999).  As the Fifth Circuit clarified:

> As a result, a district court must inquire only whether the "record adequately supports the administrator's decision"; from that inquiry it can conclude that the administrator abused its discretion if the administrator denied the claim "[w]ithout some concrete evidence in the administrative record."

Gooden v. Provident Life & Acc. Ins. Co., 250 F.3d, 329, 333 (5th Cir. 2001)(*quoting* Vega, 188 F.3d at 298, 302).

Blue Cross' decision that Smith's MRI of the breast was investigative was a factual determination.   That factual determination was supported by the following concrete evidence contained in the administrative record at that time:

- a letter dated March 24, 2006 from Dr. Michael A. Schwalke, Smith's physician, which stated: "Ms. Smith's breasts are extremely dense, and mammography was non-contributory, as the density of her breasts were noted to limit the sensitivity of

the exam. In order to spare Ms. Smith a possible unnecessary biopsy, I ordered an MRI of the breasts."

[Bates 106]. Since the plan specifically provides that an MRI used as a screening technique for the detection of breast cancer when the sensitivity of mammography is limited (i.e., dense breasts) is excluded from coverage as investigatory regardless of its medical necessity, the Court finds that there was a "rational connection" between the known facts and the decision, and that Blue Cross' determination was reasonable.

Accordingly, even according Blue Cross a *modicum less* deference based on a potential conflict (which issue the Court need not determine under the circumstances), the Court finds that Blue Cross did not abuse its discretion in denying Smith's claim. Blue Cross' determination is consistent with a correct interpretation of the Plan and a reasonable determination of the facts based on the administrative record.

## CONCLUSION

For the foregoing reasons, the Cross Motion for Judgment on Stipulated Record made by the defendant Blue Cross [Doc. Nos. 12 and 21] is hereby **GRANTED**, and all claims made by plaintiff Linda Lea Smith are **DISMISSED WITH PREJUDICE.** The Motion for Decision on Stipulated Record made by the plaintiff Linda Lea Smith [Doc. No. 15] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of February, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE